IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILIP ANGELL, STEVEN BROWN, TONNIE BECK, TAMMY MORRIS, AND DAWN BURNHAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO COUNTY MUTUAL INSURANCE COMPANY, and GEICO CHOICE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 4:20-cv-00799 |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING FEDERAL RULE OF CIVIL PROCEDURE 23(f) APPEAL**

Defendants GEICO Advantage Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO County Mutual Insurance Company and GEICO Choice Insurance Company ("Defendants") hereby move this Court to stay proceedings pending the U.S. Court of Appeals for the Fifth Circuit's resolution of Defendants' December 14, 2021 petition for interlocutory appeal of this Court's class certification order. Defendants request that the stay remain in place until the Fifth Circuit rules on the petition, and, if the petition is granted, until final resolution of the appeal.

## BACKGROUND & STATEMENT OF THE CASE

This class action concerns Defendants' alleged underpayment of certain sales taxes and motor vehicle fees in insurance settlements paid for total loss first-party private passenger vehicle physical damage claims. On July 1, 2021, Plaintiffs moved to certify the class in this case. Pls.' Motion for Class Certification (Dkt. No. 60). The motion was fully briefed on August 16, 2021, and the Court issued an order granting Plaintiffs' Motion for Class Certification on November 30, 2021. Order Granting Class Certification (Dkt. No. 69). On December 14, 2021, Defendants timely filed a petition pursuant to Rule 23(f) of the Federal Rules of Civil Procedure with the Fifth Circuit Court of Appeals regarding this Court's class certification decision. A summary judgment briefing schedule has not been entered by the Court, and there are no current case deadlines.

## STATEMENT OF ISSUES

Defendants request this Court stay proceedings pending the U.S. Court of Appeals for the Fifth Circuit's resolution of Defendants' December 14, 2021 petition for interlocutory appeal of this Court's class certification order. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

1

# ARGUMENT

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton*, 520 U.S. at 706. "This Court has the power to stay proceedings pending appeal, as the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (cleaned up). This Court should grant a stay of proceedings pending the resolution of Defendants' Petition because: (1) Defendants demonstrate that they are likely to succeed on the merits of its Petition; (2) Defendants will be irreparably injured without a stay; (3) Plaintiffs will not be irreparably injured by a stay; and (4) the public interest lies in the efficient use of judicial resources. *See Earl v. Boeing Co.*, No. 21-40720, 2021 U.S. App. LEXIS 37961, at *4 (5th Cir. Dec. 22, 2021) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

As the Fifth Circuit has explained, "[w]hile each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *M.D. v. Perry*, No. C-11-84, 2011 U.S. Dist. LEXIS 152121, at *5 (S.D. Tex. July 21, 2011) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001)). Here, all of the factors militate in favor of staying the proceedings until this Court's class certification order can be addressed. Defendants address each factor in turn.

## I. Defendants Are Likely To Succeed On Appeal.

### A. The 5th Circuit is likely to accept the appeal.

The Fifth Circuit is likely to exercise its "unfettered discretion" to accept the Defendants' Petition for appeal. *See Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010);

Fed. R. Civ. P. 23(f), advisory committee's note to 1998 amendment. Appellate courts routinely accept appeals from orders granting class certification under Federal Rule of Civil Procedure 23(f) appeals when 1) exercising jurisdiction is necessary to correct clear error or 2) the "certification decision turns on a novel or unsettled question of law." *Regents of the Univ. of Cal. v. Credit Suisse First Boston*, 482 F.3d 372, 379 (5th Cir. 2007) (citing Fed. R. Civ. P. 23(f)). This Court's certification order warrants review under both criteria. First, the trial court's order addressing standing is an "unsettled issue" over which district courts have split and the Court made an error. *See, e.g.*, *Wright v. GEICO Cas. Co.*, No. 20-00823-BAJ-SDJ, 2021 U.S. Dist. LEXIS 184553, at *14 (M.D. La. Sept. 27, 2021); *Desai v. GEICO Cas. Co.*, No. 1:19-cv-2327, 2021 U.S. Dist. LEXIS 232456, at *22, *58 (N.D. Ohio Dec. 6, 2021). Second, this case provides a vehicle for the Court to clarify another unsettled question of whether the availability of an opt-out provision obviates waiver concerns where the value of the waived claim is significantly greater than the alleged claim, but that value cannot be definitively stated on the opt-out notice.

   **B.**   **Defendants are likely to succeed on the merits.**

For the reasons stated in Defendants' Petition, which are expressly incorporated by reference, Defendants are likely to prevail on the merits. Petition, *Angell v. GEICO*, Case No. 21-90053 (5th Cir.). To justify a stay, Defendants "need not always show a probability of success on the merits." *Perry*, 2011 U.S. Dist. LEXIS 152121, at *5 (citing *Arnold*, 278 F.3d at 438-39). "Specifically, the Fifth Circuit has cautioned that courts should not deny applications for a stay pending appeal simply because the movant has failed to demonstrate its likelihood of success on the merits." *Mounce v. Wells Fargo Home Mortg. (In re Mounce)*, No. 03-55022-LMC, 2008 Bankr. LEXIS 4797, at *5-6 (Bankr. W.D. Tex. July 10, 2008). This Court does not need to find that its decision was wrong in order to find this factor met. Instead, Defendants need only present a "substantial case on the merits" in an appeal raises "serious legal question[s]" warranting a stay

3

of these proceedings, and that the remaining equities balance in its favor. *Perry*, 2011 U.S. Dist. LEXIS 152121, at *5 (citing *Arnold*, 278 F.3d at 438-39). Defendants have done so here.

Defendants' primary argument for appeal relates to this Court's determination as to Plaintiffs' standing, which is subject to *de novo* review. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ("Standing is a question of law that we review de novo" even on a Rule 23(f) appeal). Following well-established precedent, Defendants' Petition advances the uncontroversial position that a plaintiff who receives the benefit of her bargain does not have standing to represent a class claiming breach of contract. Other courts outside this district have adopted Defendants' position as to standing as well. *See, e.g.*, *Wright*, 2021 U.S. Dist. LEXIS 184553, at *14; *Desai*, 2021 U.S. Dist. LEXIS 232456, at *22, *58.

Defendants' Petition also advances a substantial case on the merits, based on recent Fifth Circuit authority, that this Court erred in its findings regarding predominance and adequacy, and that this Court's analysis did not detail with "sufficient specificity" how the Plaintiffs have satisfied "the requirements of Rule 23" with respect to their TPPCA claim. *See M.D. v. Perry*, 675 F.3d 832, 841 (5th Cir. 2012) (citation omitted). Defendants have, at a minimum, raised "serious legal question[s]" in satisfaction of this factor.

## II.     Defendants Would Be Irreparably Harmed Without A Stay.

The "irreparable harm" that will befall Defendants absent a stay in this matter decidedly outweighs the harm that a stay would potentially inflict on others. If Defendants are forced to continue litigating this matter before the Fifth Circuit has an opportunity to consider the Petition, Defendants may be "force[d] . . . to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability," especially given the costs that Plaintiffs stand to recover should this case go to trial. *See Regents of the Univ. of Cal.*, 482 F.3d at 379 (citing Fed. R. Civ. P. 23(f) advisory committee note). In fact, "[p]ermission" to appeal "is most likely to be

4

granted . . . when the decision on certification is likely dispositive of the litigation, as in a death-knell or reverse death-knell situation." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1710 (2017) (internal citations and quotations omitted). Such is the case here. Both parties will expend time and resources negotiating the form and dissemination of class notice, providing class-related discovery to plaintiffs, and establishing a timeline for opting out of the action. Although Plaintiffs stand to recoup any losses should they prevail, the harms to Defendants will not be compensated regardless of whether it wins or loses and thus weigh in favor of stay. *See Burgess v. FDIC*, 871 F.3d 297, 304 (5th Cir. 2017) ("An injury is irreparable only if it cannot be undone through monetary remedies.") (citing *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)) (cleaned up). Beyond unnecessary litigation costs, the class certification order is likely dispositive of the litigation due to the legal risks and potentially astronomical judgment associated with the proceeding. As such, the order signals the "death knell" of the litigation, and Defendants may be forced to forfeit its right to pursue an appeal should a stay not issue.

**III.    Other Interested Parties Will Not Be Irreparably Harmed By The Stay.**

Unlike the situation faced by Defendants, Plaintiffs will not face substantial harm in the event of a stay. Substantive discovery has already closed in this matter. *See* Scheduling Orders, Dkt. Nos. 21, 45. Thus, this is not a situation where Plaintiffs would lose out on valuable information that "may be fading as time passes." *See In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. H-14-3428, 2017 U.S. Dist. LEXIS 134495, at *16 (S.D. Tex. Aug. 23, 2017). The passage of time will not impede Plaintiffs' "ability to obtain and collect a judgment against" the Defendant, should they be so entitled. *See id*. In addition, the parties have yet to schedule their status conference to enter a scheduling order for summary judgment briefing and trial-related deadlines. *See* Scheduling Order ¶ 4, Dkt. No. 45. "Thus, any urgency or timeliness concerns Plaintiffs may

5

have are also alleviated." *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 U.S. Dist. LEXIS 98161, at *11 (E.D. Tex. June 12, 2018). Because an immediate stay would cause little disruption to the parties' and the court's current schedule, it should issue.

## IV. Public Interest Lies In A Stay.

The public interest favors a stay until the Fifth Circuit can determine whether the case should proceed as a class action. As stated above, the Defendants' Petition raises serious and unsettled questions regarding the proper standards for standing and cures for inadequacy, and advances a serious case in favor of Defendants' position on predominance and the TPPCA claims.

If the case proceeds as a class, this Court (and the parties) will likely be required to expend significant effort overseeing dispositive briefing, trial, and class notice. These efforts will be wasted if the Fifth Circuit reverses class certification or otherwise alters the scope of proceedings. Thus, the "public policy of efficient allocation of judicial resources" counsels in favor of granting the stay during the pendency of the appeal. *Cruson*, 2018 U.S. Dist. LEXIS 98161, at *11-12 (citing *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)). Accordingly, the public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on appeal. *Earl*, 2021 U.S. App. LEXIS 37961, at *9.

## CONCLUSION

For these reasons, Defendants respectfully requests that the Court grant Defendants' motion to stay proceedings pending the Fifth Circuit's resolution of its Rule 23(f) Petition.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), on December 29, 2021, counsel for Defendants conferred with Plaintiffs' counsel via email regarding the issues raised in this Motion. Plaintiffs oppose the relief requested in Defendants' Motion to Stay Proceedings Pending Rule 23(f) Appeal.

Dated:  January 25, 2022

        Respectfully submitted,

        */s/ Kymberly Kochis*
        Kymberly Kochis (Attorney-in Charge)
        New York State Bar No. 4045530
        Alexander P. Fuchs (admitted *pro hac vice*)
        New York State Bar No. 4922035
        **EVERSHEDS SUTHERLAND (US) LLP**
        The Grace Building, 40th Floor
        1114 Avenue of the Americas
        New York, NY 10036
        Telephone: (212) 389-5000
        Facsimile: (212) 389-5099
        kymkochis@eversheds-sutherland.com
        alexfuchs@eversheds-sutherland.com

        Garrett A. Gibson
        Texas Bar No. 24075173
        **EVERSHEDS SUTHERLAND (US) LLP**
        1001 Fannin Street, Suite 3700
        Houston, Texas 77002
        Telephone: (713) 470-6108
        garrettgibson@eversheds-sutherland.com

        *Counsel for Defendants*
        *GEICO Advantage Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO County Mutual Insurance Company, and GEICO Choice Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I electronically filed a true and exact copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Kymberly Kochis
Kymberly Kochis