United States District Court
Southern District of Texas
**ENTERED**
August 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILIP ANGELL, STEVEN BROWN, TONNIE BECK, TAMMY MORRIS, and DAWN BURNHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO COUNTY MUTUAL INSURANCE COMPANY, and GEICO CHOICE INSURANCE COMPANY,<br><br>Defendants. | CASE NO.: 4:20-CV-00799<br><br>CLASS ACTION |

## ORDER APPROVING SETTLEMENT
## AND JUDGMENT OF DISMISSAL WITH PREJUDICE

Before the Court are two unopposed motions: (1) Plaintiff's Motion for Attorney Fees and (2) Plaintiff's Motion for Final Approval of Class Settlement. ECF Nos. 89, 93. In a hearing held on both motions on August 7, 2024, the Court **GRANTED** both Motions (ECF Nos. 89, 93). It now enters this Order to further document its findings and conclusions.

The parties have reached a settlement in this case. Through an unopposed motion for final approval of class settlement, they seek, among other things, that the Court (1) certify the proposed classes for settlement purposes; (2) approve the Class Action Settlement Agreement; (3) find that notice to Settlement Class Members was fair, adequate, and comported with due process; and (4) enter an order finally approving the Settlement and of Final Judgment of Dismissal with Prejudice. For the reasons stated below, the Motion is granted.

WHEREAS, Plaintiffs Phillip Angell, Steven Brown, Tonnie Beck, Tammy Morris, and Dawn Burnham, individually and on behalf of the proposed Settlement Classes, and Defendants GEICO Advantage Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO County Mutual Insurance Company, and GEICO Choice Insurance Company, along with all related, parent, and subsidiary companies ("GEICO") have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement; and

WHEREAS, The Parties have made an application for final approval of the Settlement of this Action, as set forth in the Agreement; and

WHEREAS, on March 27, 2024, this Court preliminarily approved the Settlement as fair, reasonable, and adequate, directed that Notice be directed to the Settlement Classes as set forth in the Settlement, and preliminarily certified the Settlement Class; and

WHEREAS, on June 10, 2024, Class Counsel filed a Motion for Attorneys' Fees and Costs and Service Awards; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

WHEREAS, Plaintiffs were appointed as the Class Representatives (Dkt. No. 88 at pg. 4); and

WHEREAS, GEICO and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed as agreed to in the Agreement and ordered by the Court; and

WHEREAS, a Final Fairness Hearing was held on August 1, 2024, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement; and

The Court has read and considered the Agreement and the exhibits and has considered all papers filed and proceedings had herein, and is otherwise fully informed, and for good cause appearing,

**IT IS ORDERED:**

1. This Order incorporates the definitions in the Agreement.

2. The Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action.

3. The Court approves the Agreement, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class members. Such finding, however, is not to be deemed an admission of liability by GEICO or a finding of the validity of any claims asserted in the Action.

4. The Court finds the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of GEICO was in full compliance with 28 U.S.C. § 1715(b). *See* Dkt. No. 93-1 at pg. 2.

5. The Court finds the Class Notice constituted the best notice practicable, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

6. The Court appoints Plaintiffs as Class Representatives and Jacob Phillips of Jacobson Phillips PLLC, Chris Hall of Hall & Lampros, LLP, Scott Edelsberg of Edelsberg Law, P.A., Andrew Shamis of Shamis & Gentile, Ed Normand of Normand PLLC, and Richard Daly of Daly & Black as Class Counsel.

7. The Court reaffirms and appoints JND as the Settlement Administrator.

8. Consistent with the Agreement, the Court certifies for purposes of settlement the Settlement Classes as defined in the Preliminary Approval Order, subject to the exclusions set forth therein.

9. The Court confirms, for the purpose of settlement, that the requirements of Federal Rule of Civil Procedure 23 have been met as to the Settlement Classes. As such, the Settlement Classes, as defined in the Settlement Agreement, are certified for purposes of settlement.

10. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interest of the Class Members, given (i) the arm's-length negotiations; (ii) the lack of evidence of any fraud or collusion; (iii) the complexity, expense, and likely duration of the litigation; (iv) the stage of the proceedings and discovery completed; and (v) the opinion of Class Counsel, the Class Representative, and Settlement Class Members. The Court notes there are *no objections* lodged by Settlement Class Members, which strongly supports approval of the Settlement. *See generally, e.g.*, *In re Oil Spill*, 295 F.R.D. 112, 150 (E.D. La. 2013) (noting that "one indication of the fairness of a settlement is the lack of or small number of objections"); *Quintanilla v. A & R Demolition Inc.*, No. H-04-CV-1965, 2008 U.S. Dist. LEXIS 37449, 2008 WL 9410399, *5 (S.D. Tex. May 7, 2008) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 527 (E.D. Ky. 2010) (finding that 12 objections out of a class of approximately 8,000 was "within the range of reasonableness" and militated in favor of approval); *Armstrong v. Kimberly-Clark Corp.*, No. 3:20-CV-3150-M, 2024 U.S. Dist. LEXIS 45038, at *15 (N.D. Tex. Mar. 14, 2024) ("The lack of objections is indicative of the adequacy of the Settlement."); *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1063, 1068 (S.D. Tex. 2012) ("The fact that only one

objection was filed is itself significant" especially where "there has been an energetic notice campaign").

11. In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court. The Settlement Administrator, GEICO's counsel, and Class Counsel have confirmed that the Parties complied with the Notice Plan. *See* Dkt. No. 93-1.

12. As such, the Court **GRANTS FINAL APPROVAL OF** the Settlement, and the Parties are hereby directed to consummate the Settlement in accordance with its terms.

13. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

14. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Released Parties may have against all the Released Persons.

15. The Court considered the application of attorneys' fees and costs and service awards to the named Plaintiffs. The Fifth Circuit has approved district courts' "use of the percentage method cross-checked with the *Johnson* factors." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). These factors are: (1) the time and labor required; (2) the novelty and

difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717, 720 (5th Cir. 1974); *but see Uselton*, 9 F.3d at 854 ("rarely are all the Johnson factors applicable; this is particularly so in a common fund case.").

16. Having considered such factors as a cross-check, the Court finds $8,189,000.00, in attorneys' fees and costs, which is 24.3% of the of the settlement value of $33,700,000.00, is fair and reasonable and approves such amount. *See generally, e.g.*, *Regmund v. Talisman Energy USA, Inc.*, No. 4:16-cv-02960, 2021 U.S. Dist. LEXIS 92346, at *7 (S.D. Tex. May 12, 2021) ("The Court finds that 25% is well within, and in fact, at the lower end of, typical percentage fee awards in class action settlements in the Fifth Circuit."); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("[T]his Court concludes that attorneys' fees in the range from twenty-five percent (25%) to thirty-three and thirty-four one-hundreths percent (33.34%) have been routinely awarded in class actions."); *Di Giacomo v. Plains All Am. Pipeline*, No. H-99-4137, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18. 2001) (approving fees of 30%); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 863 (E.D. La. 2007) (noting based on extensive empirical analysis that the "benchmark" is 25% and that "most fee awards" fell between 25% and 35% of the settlement benefits); *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 U.S. Dist. LEXIS 136394, at *3 (S.D. Tex. Jan. 31, 2018) ("A review of Fifth Circuit precedent indicates a 30% benchmark fee

is reasonable."); *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152-M, 2018 U.S. Dist. LEXIS 69143, at *9 (N.D. Tex. Apr. 25, 2018) ("[N]umerous courts in this Circuit have awarded fees in the 30% to 36% range").

17. The requested service awards of $7,500.00 to each of the Named Plaintiffs is also eminently reasonable and in accordance with Service Awards consistently approved in this Circuit and others. *See, e.g.*, *Liberte Capital Grp. v. Capwill*, No. 5:99-cv-818, 2007 WL 2492461, at *1 (N.D. Ohio Aug. 29, 2007) ("Incentive awards, where appropriate, generally range from a few thousand dollars to $85,000.00") (collecting cases); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving a $25,000 incentive award); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000) (approving incentive awards of $25,000 to each of two named plaintiffs); *In re Catfish Antitrust Litig.*, 939 F. Supp. 493, 504 (N.D. Miss. 1996) (approving incentive awards of $10,000.00 to each of the four named plaintiffs); *Regmund*, 2021 U.S. Dist. LEXIS 92346, at *14 (approving $7,500.00 service award as reasonable).

As such, it is hereby **ORDERED** and **ADJUDGED**:

18. The benefits of the Settlement are fair, reasonable, and adequate. Further, for purposes of settlement, the proposed Settlement Classes meet the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Classes as defined in the Settlement Agreement. Finally, the requested attorneys' fees, costs, and service awards are approved as reasonable, fair, and adequate.

19. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against GEICO or its affiliates. GEICO and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this

Agreement, including GEICO and Settlement Class Members, to administer, supervise, and enforce this Agreement in accordance with its terms.

20. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among GEICO on the one hand, and the Class Representative and all Settlement Class Members on the other, and there is no just reason to delay enforcement or appeal.

21. The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

22. Without in any way affecting the finality of this Final Order and Judgment, the Court shall retain continuing jurisdiction for purposes of:

    A.    enforcing this Final Judgment and the Agreement;

    B.    hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    C.    any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas on this the 7th day of August, 2024.

                                              KEITH P. ELLISON
                                    UNITED STATES DISTRICT JUDGE